IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vanessa Wimberly Curry, | ) | C.A. No. 3:09-2718-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BlueCross BlueShield of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On October 14, 2010, the Court entered a Confidentiality Order (ECF No. 44), based

on the defendant's concerns about the pro se plaintiff's possession of documents containing

Social Security numbers, patient names (i.e., names of employees of the defendant's

customers who are insured through the defendant), and other information protected from

unauthorized disclosure pursuant to the Health Information Portability and Accountability

Act of 1996 ("HIPAA") and the Health Information Technology for Economic and Clinical

Health Act (part of the American Recovery and Reinvestment Act of 2009) ("HITECH").

The plaintiff had previously filed some such documents with the Court in response to the

defendant's motion for summary judgment. While the plaintiff ultimately submitted redacted

documents that the Court substituted for her initial filings, the initial filings were in the

public domain for several days.   Those public filings, and the plaintiff's continued

possession of protected information, have created obligations for the defendant.   The

defendant has been required by HIPAA and HITECH to report the plaintiff's actions and to

take appropriate actions to remedy the plaintiff's unauthorized possession and disclosure of

such information and to prevent further unauthorized possession and disclosure. Accordingly, the defendant filed a motion for a Confidentiality Order, which the Court granted October 14, 2010.

On October 31, 2010, the defendant filed a motion to enforce the terms of the Confidentiality Order, particularly paragraph 4 which requires that the *pro se* Plaintiff return to the defendant all hard-copy documents containing information about the defendant's business, and "double delete" or otherwise confirm elimination of all such information in electronic form. In the motion, the defendant's counsel represented that she had made repeated efforts to communicate with the plaintiff about compliance with the Confidentiality Order, but the plaintiff had failed or refused to respond to such communications.

On November 2, 2010, the undersigned entered an Order requiring the plaintiff to appear before this court at 11:00 a.m. on Wednesday, November 17, 2010, to show cause, if any the plaintiff may have, why she should not be held in contempt for violation of the Confidentiality Order. The Order warned that, if the plaintiff failed to appear at the hearing, the court would consider a motion having her held in contempt of court.

The plaintiff failed to appear for the hearing on November 17, 2010, although proper notice was sent to her by the clerk of court. Further, counsel for the defendant represented that the plaintiff was aware of the scheduled hearing through written correspondence and voice mail exchanges that the plaintiff has acknowledged.

At the hearing on November 17, 2010, counsel for the defendant reported voice mail exchanges with the plaintiff and some indication that the plaintiff is willing to cooperate.

The defendant has several concerns for which it asks the court's assistance.

Counsel for the defendant has made numerous telephone calls to the plaintiff, but the plaintiff has not answered. Thus, counsel has left voice messages for the plaintiff. Counsel for the defendant has provided the plaintiff with her office telephone number as well as her personal cellular telephone number. The plaintiff has called counsel's office in the middle of the night, when counsel is not likely to answer, and left several voice messages. To date, the plaintiff and counsel have yet to communicate person-to-person by telephone, which has hindered effective communications. Accordingly, the plaintiff is ordered to call Ms. Thomas during normal work hours at (803) 799-9311 for a person-to-person telephone conference. If Ms. Thomas is unavailable, the plaintiff must leave a message specifying the date, time, and telephone number by which Ms. Thomas may reach the plaintiff for a person-to-person telephone conference. This conference must take place on or before Monday, November 22, 2010. The plaintiff must cooperate with any follow-up conferences and actions that the defendant may deem necessary in order to fully satisfy the defendant's concerns by November 30, 2010.

Throughout the required conferences, the plaintiff must be forthcoming with information the defendant needs to determine compliance with applicable statutes, regulations, and rulings. For instance, the plaintiff must identify the computers that have been used to store information at issue, including where the computers are located and to whom they belong, what electronic and paper documents have been created, where information is located, and any means by which, and to whom, information has been

disseminated. The plaintiff must fully comply with all efforts the defendant deems necessary to recover information and to address its legal obligations under applicable statutes, regulations, and rulings. Accordingly, the plaintiff may be required to arrange for and permit inspections of computers and electronic media, and to cooperate in arrangements for personal delivery of documents and other physical data.

The plaintiff must fully comply by November 30, 2010 with the defendant's efforts to satisfy its statutory obligations resulting from the plaintiff's post-employment possession and filing of defendant's sensitive information. If the defendant has concerns that the court's continued assistance is necessary, the court will entertain an appropriate motion from the defendant, and will consider holding the plaintiff in contempt. The plaintiff is warned that her continued disregard of court orders will have very serious consequences.

IT IS SO ORDERED.

November 17, 2010                    Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge