IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vanessa Wimberly Curry, | ) | C/A No.: 3:09-2718-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BlueCross BlueShield of South Carolina, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Through this action, the pro se plaintiff Vanessa Wimberly Curry ("Curry") seeks to recover damages against her former employer, defendant BlueCross BlueShield of South Carolina ("BlueCross"), for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (the "Report") (ECF No. 45) on BlueCross's motion to dismiss or, in the alternative, for summary judgment[1] (ECF No. 32) and on Curry's motion for summary judgment (ECF No. 31) made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or

---

[1] Because the parties have presented matters outside of the pleadings, the Court will construe the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(d).

recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). The Report recommends granting Blue Cross's motion for summary judgment and denying Curry's motion for summary judgment.

The parties were advised of their right to submit objections to the Report and Recommendation, which was filed on October 14, 2010. As of the date of this order, no objections have been filed by either party, and the time within which to do so has expired. It thus appears this matter is ripe for review. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## I.     Factual History

The Report outlines verbatim the following facts of this case:

Curry, who is African-American, formerly worked as a Flexible Spending Account ("FSA") Specialist or Coordinator and telecommuted from her home in Columbia, South Carolina, where BlueCross's corporate offices are located. Curry reported to Angie Cason,[2] an FSA Supervisor, who in turn was supervised by Sandra Watson, FSA Manager. Watson is African-American. The FSA department was under the management of

---

[2] The record contains references to both Angie Cason and Angie Cason-Young.

2

Stephen Richardson, a Senior Director who also managed the COBRA[3] department. Richardson is apparently not African-American.

In July 2007, Curry planned to move to Macon, Georgia, which is at least a three-hour drive from Columbia. She informed Cason and sought approval to continue to telecommute from Macon rather than Columbia. Cason relayed the request to Watson, who, in conjunction with Richardson, denied it. Upon learning that her request had been denied, Curry quit. Curry now asserts claims of discriminatory treatment and retaliation based upon Watson's and Richardson's denial of her request to telecommute from Macon, Georgia when white employees were permitted to work from their homes in North Carolina and Tennessee.

## II.    Legal Standard

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)(2). "The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." Pulliam Inv. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." Id.

The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986).

---

[3] COBRA refers to the Consolidated Omnibus Budget Reconciliation Act of 1985, Pub. L. No. 99-272, 100 Stat. 82.

III.    **Law and Analysis**

A plaintiff may prove disparate treatment either by proving her case by a preponderance of evidence or by using the burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Curry has not produced a preponderance of evidence of racial discrimination and has elected to proceed under the McDonnell Douglas framework. To overcome a motion for summary judgment under this avenue, Curry must first establish a prima facie case of discrimination. She must show that: (1) she is a member of a protected class; (2) she was performing at a level that met BlueCross's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated BlueCross employees outside of the protected class received more favorable treatment. See White v. BFI Waste Services, LLC, 375 F.3d 288, 295 (4th Cir. 2004).

If Curry can make out a prima facie case for discrimination, the burden shifts to the employer to offer legitimate and non-discriminatory reasons for the termination. Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007). If BlueCross carries this burden, Curry must prove by a preponderance of the evidence that these reasons are merely pretext for racial discrimination. Id. The plaintiff's burden of showing pretext "'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.'" Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 294 (4th Cir. 2010) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981)) (alterations in original). Therefore, "[n]otwithstanding the intricacies of proof schemes, the

4

core of every Title VII case remains the same." Id.  The ultimate issue is whether the plaintiff suffered intentional discrimination.  Id.

Both parties agree that Curry meets the first requirement of the prima facie case. Although the second element is disputed by the parties, Curry can not establish the third and fourth elements, so the Court need not address the second element.

### A.     Adverse Employment Action

To qualify as an adverse employment action, there must be "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998).  In this case, Curry did not experience any change in her employment status.  She could continue working as she had been from Columbia.  Her request to telecommute from Macon was denied, but had she not quit, her employment would have continued in the same manner as it had before her request.

### B.     Treatment of White Comparators

The fourth prong of the prima facie case requires that Curry demonstrate that similarly situated employees outside of the protected class were treated more favorably.  To meet this requirement, Curry must show that the white comparators were similarly situated in all relevant respects.  Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992).

Curry has failed to show that any of the BlueCross employees she names as white comparators are similarly situated to her in all respects.  Several individual she names either

worked on a different team, reported to a different manager, or were working from home in Columbia as opposed to outside of the Columbia area. Curry does identify two white females that were allowed to telecommute from outside South Carolina. One telecommuted from Charlotte, North Carolina, which is less than two hours away from Columbia. The other female was on the COBRA team and telecommuted from Tennessee, which is over three hours away.[4] However, there is evidence on the record that the COBRA team was not required to be on site as often as the FSA team, of which Curry was a member. Further, different managers made the decisions regarding these requests to telecommute. Therefore, Curry is unable to show that these BlueCross employees were similarly situated white comparators who were treated more favorably.

Because Curry cannot establish a prima facie case for disparate treatment, the analysis ends, and the burden does not shift to BlueCross to show that it had a non-discriminatory, legitimate reason for denying Curry's request to telecommute from Macon.

## C.    Retaliation

Curry also makes a claim under Title VII's anti-retaliation section. 42 U.S.C. § 2000e-3(a). To show a prima facie case of retaliation, Curry must show (1) that she engaged in protected activity under the statute; (2) that she suffered an adverse employment action; and (3) that there was a causal link between the protected activity and the adverse

---

[4] Since Curry's resignation, BlueCross has implemented a policy limiting telecommuters to a two hour distance from Columbia. The white female commuting from Tennessee resigned after this policy was adopted.

6

employment action.  Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253 (4th Cir. 1998).

Curry claims that her telecommuting request was denied as retaliation for being "non-conforming," (ECF No.1) but she has not offered any evidence that she engaged in protected activity under the statute.  She complained to Human Resources about being denied a team leader position based on "unfair departmental practices," but there was no allegation of discrimination in relation to that complaint, so it does not qualify as protected activity.  Even if this action by Curry was protected activity, she has failed to show that there is a link between that activity and the denial of her request to telecommute.[5]

## IV.    Conclusion

Viewing the evidence in the light most favorable to the plaintiff, the Court finds that there are no genuine issues of material fact in this case.  Because Curry cannot establish a prima facie case of disparate treatment or retaliation, BlueCross is entitled to judgment as a matter of law.  The Court adopts the Report's recommendation, grants BlueCross's motion for summary judgment, and denies Curry's motion for summary judgment.

IT IS SO ORDERED.

*Joseph F. Anderson Jr.*

March 16, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge

_____

[5]  The Court assumes without deciding that the denial of Curry's request to telecommute was sufficiently adverse under the relevant standard for a retaliation claim but not her disparate treatment claim.  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).